```
            UNITED STATES DISTRICT COURT
             MIDDLE DISTRICT OF FLORIDA
                   TAMPA DIVISION
```

KIMBERLY BUCHROEDER,

        Plaintiff,

v.                                     Case No. 8:12-cv-581-T-33MAP

211 TAMIAMI TRAIL REALTY ASSOC.,
LLC, d/b/a CAFE AMALFI, and 7129
S. TAMIAMI TRAIL REALTY ASSOC.,
LLC, d/b/a CAFE AMALFI SOUTH,

        Defendants.
_____/

## ORDER

This cause is before the Court pursuant to Plaintiff Kimberly Buchroeder's Motion for Entry of Default Final Judgment and for Evidentiary Hearing on Damages (Doc. # 17), filed on April 27, 2012. The Court held a hearing in this matter on June 15, 2012, during which the Court accepted into evidence exhibits supporting Buchroeder's damages claim. Defendants failed to appear or show good cause to set aside default under Federal Rule of Civil Procedure 55(c). The Court therefore grants the Motion as follows:

## I. FINDINGS OF FACT

    1.  Plaintiff Kimberly Buchroeder was employed as a waitress at two separate Café Amalfi restaurants in Sarasota County, Florida. Both restaurants were owned, managed and operated by John D'Atria, who is President of Defendant

corporate entities that own the restaurants. Both Defendants are subject to the jurisdiction of this Court, and venue is proper in the Middle District of Florida.

2. Plaintiff was employed and worked at both restaurants from March 24, 2010, through July 3, 2011. During this time period, Defendants were enterprises covered by the Fair Labor Standards Act (FLSA) in that Plaintiff and at least one other employee engaged in interstate commerce as a result of the repeated use of credit card machines, which transacted business in interstate commerce. 29 U.S.C. § 203(r)(1)-(r)(2).

3. As a result, Plaintiff is eligible for relief under the FLSA, which includes payment of no less than the federal minimum wage and overtime at time and one-half her regular rate of pay. 29 U.S.C. § 206.

4. Plaintiff worked 78 to 83 hours per week during her employment. For the first nine weeks of her employment, Plaintiff was not paid a direct wage. She received only the tips she earned. After the first nine weeks, Defendants started paying a direct cash wage of $200.00 per week to do extra work such as coming in early to mop floors. Plaintiff also worked overtime, and was eligible to receive overtime pay at time and one-half her regular pay, which should have been the federal minimum wage of $7.25 per hour.

5. The operating hours of Defendants' restaurants were from 10:00 a.m. to 10:30 p.m., Monday through Sunday. Plaintiff regularly went to work at 10:00 a.m., and left at 10:30 p.m., with no lunch break. Despite Plaintiff's eligibility for overtime pay, Defendants refused to pay any overtime pay, telling Plaintiff, "if you don't like it, there's the door."

6. Defendants failed to keep accurate time records of Plaintiff's work schedule in violation of 29 U.S.C. § 211(c).

7. Defendants' refusal to pay the required federal minimum wage and earned overtime, are intentional and willful violations of the FLSA, for which Defendants are liable to Plaintiff for loss of unpaid minimum wage, loss of overtime pay, liquidated damages, attorney's fees and costs.

8. Plaintiff has also requested relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202 and 29 U.S.C. § 216(b), declaring that Plaintiff is entitled to a judgment finding that Plaintiff had an employee-employer relationship with Defendants; that Defendants were involved in interstate commerce, that Plaintiff is entitled to protection under the FLSA; that Defendants intentionally and willfully violated the FLSA by failing to pay the required minimum wage and overtime compensation; that Defendants failed to keep the

3

required accurate time records; that Defendants do not have a good faith defense for their failure to comply with the FLSA; and that, as a result, Plaintiff is entitled to proper compensation, liquidated damages, attorney's fees and costs.

**II. CONCLUSIONS OF LAW**

9. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201 and authority to grant declaratory relief under the FLSA, pursuant to 28 U.S.C. § 2201.

10. The Court finds that at all times Defendants were enterprises covered by the FLSA as defined by 29 U.S.C. §§ 203(r) and 203(s) and that Defendants employed at least two persons engaged in interstate commerce.

11. During Plaintiff's employment with Defendants, Defendants intentionally and willfully failed to pay Plaintiff the required federal minimum wage and overtime pay that she had earned. 29 U.S.C. § 206.

12. The Court finds that Defendants failed to keep accurate time records of Plaintiff's working hours, in violation of 29 U.S.C. § 211(c).

13. As a result of Defendants' intentional and willful acts in refusing to pay Plaintiff the required minimum wage, Plaintiff has suffered damage and is entitled to unpaid

4

minimum wages and an additional and equal amount of liquidated damages, plus attorney's fees and costs. 29 U.S.C. § 216.

14. As a result of Defendants' intentional and willful acts in refusing to pay Plaintiff overtime compensation for each hour worked over 40 hours per work week, Plaintiff has suffered damage, and is entitled to payment of all overtime hours worked at one and one-half times her regular rate of pay and an additional and equal amount of liquidated damages plus attorney's fees and costs. 29 U.S.C. § 216.

15. The Court finds that, as a result of Defendants' intentional and willful violations of the FLSA, Plaintiff is entitled to recover $8,710.18 in unpaid minimum wages and overtime compensation plus $8,710.18 in liquidated damages, and attorney's fees and costs of $11,570.00, for a total final judgment of $28,990.36, for which Defendants are jointly and severally liable.

16. The Court finds, however, that Plaintiff is not entitled to declaratory judgment because Plaintiff did not pursue a collective action in this matter. Furthermore, a former employee such as Buchroeder lacks the "present right" that is highly relevant to the analysis of whether the Court should exercise its discretion to award declaratory relief. The Court therefore dismisses Count IV of the Complaint.

5

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiff's Motion for Entry of Default Final Judgment (Doc. # 17) is **GRANTED**.

(2) Count IV of the Complaint is dismissed.

(3) The Clerk is directed to enter judgment in favor of Buchroeder, and against Defendants jointly and severally, in the amount of $28,990.36. Thereafter the Clerk shall close this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 15th day of June, 2012.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Parties and Counsel of Record

6